THE STATE OF OHIO, APPELLEE, *v.* COPELAND, APPELLANT.

(No. CA89-04-026—Decided October 30, 1989.)

*Timothy A. Oliver,* prosecuting attorney, for appellee.

*Zopff & Rittgers* and *Ray H. Stoess, Jr.,* for appellant.

JONES, P.J. On January 25, 1989, defendant-appellant, Danny R. Copeland, pleaded guilty to breaking and entering, in violation of R.C. 2911.13(A), a felony of the fourth degree, and petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. On March 6, 1989,

subsequent to a presentence investigation, the trial court imposed a sentence of one and one-half years on the felony charge and a sentence of six months on the misdemeanor charge. The court ordered the sentences served consecutively.

Appellant raises one assignment of error, namely that the trial court erred in sentencing him to serve the misdemeanor sentence consecutively to the felony sentence. The assignment is well-taken.

R.C. 2929.41 reads, in part, as follows:

"(A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or of the United States. *In any case,* a sentence of imprisonment for misdemeanor *shall* be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution.

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"(1) When the trial court specifies that it is to be served consecutively[.] * * *" (Emphasis added.)

We construe the language provided in the second sentence of R.C. 2929.41(A) to be mandatory. The state contends that the trial court can specify, pursuant to R.C. 2929.41 (B)(1), that a sentence for a misdemeanor shall be served consecutively to a sentence for a felony. We disagree. If such were true, there would be absolutely no reason for the "any case" language to be included in the statute. We are supported in such view by the Committee Comment to House Bill No. 511, set forth in an annotation following R.C. 2929.41, reading as follows:

"A misdemeanor sentence is *always* served concurrently with a penitentiary or reformatory sentence for felony. Two or more felony sentences are served concurrently unless the court specifies that they are consecutive * * *." (Emphasis added.)

It is our conclusion that the legislature has seen fit to make it mandatory that a sentence of imprisonment for a misdemeanor be served concurrently with a sentence of imprisonment for felony. Accordingly, the trial judge has no right to exercise the discretion mentioned in R.C. 2929.41 (B)(1). Accord *State* v. *Dodd* (Dec. 19, 1988), Mahoning App. No. 88 C.A. 73, unreported.

It may be true, as the state argues, that our interpretation effectively eliminates any penalty for a misdemeanor if committed with a felony. The state's concern should be addressed to the legislature, and not to the courts.

It is ordered that the sentence imposed by the trial court be modified so as to reflect that the sentence imposed for the misdemeanor violation is to be served concurrently with the felony sentence at the Ohio State Penitentiary.

*Judgment accordingly.*

HENDRICKSON and KOEHLER, JJ., concur.