The CITY OF TALLMADGE, Appellant,

v.

GANG, Appellee.

[Cite as *Tallmadge v. Gang* (1994), 97 Ohio App.3d 56.]

Court of Appeals of Ohio,
Summit County.

No. 16673.

Decided Sept. 14, 1994.

*Richard Schunk,* Law Director City of Tallmadge, for appellant.

*Jerry Roubenes,* for appellee.

---

BAIRD, Judge.

The city of Tallmadge appeals the trial court's order suppressing evidence that Mary R. Gang was intoxicated when a police officer stopped her car on December 5, 1993. We affirm.

During the early morning hours on December 5, a police officer stopped and arrested Gang for driving under the influence of alcohol. Gang moved to suppress all evidence of the results of any intoxication tests performed, alleging that the police officer did not have reasonable suspicion to make an investigatory stop and, therefore, any evidence of intoxication was obtained in violation of her Fourth Amendment rights. The trial court granted the motion and Tallmadge appeals.

In its only assignment of error, Tallmadge asserts that the trial court erred in granting the motion to suppress because the police officer had reasonable suspicion to stop Gang. Tallmadge relies on the arresting officer's testimony at the suppression hearing to support this argument. Gang, however, argues that, in accordance with an earlier ruling of this court, we should not consider the police officer's testimony as evidenced in the transcript of proceedings. We therefore turn to the issue of whether the transcript of the suppression hearing may be considered.

Tallmadge filed its notice of appeal on March 1, 1994. On March 2, the trial court clerk prepared and transmitted the record, which did not include a transcript of proceedings, to the appeals court clerk in accordance with App.R. 10(B). Pursuant to App.R. 11(B), the appeals court clerk sent the parties notice that the record had been filed on March 3. Tallmadge did not file the transcript of proceedings in the trial court until April 12 and the transcript was not filed with the appeals court until April 14.

Gang moved to strike the transcript of the suppression hearing as improperly transcribed and improperly filed and also moved to strike Tallmadge's brief because it relied on the transcript. Although this court found that the transcript of the suppression hearing was not improperly transcribed, we noted that Tallmadge had not properly made the transcript a part of the record on appeal as

the transcript was not filed at the time the record was filed in this court.[1] We then stated that we would treat Gang's motion to strike Tallmadge's brief as a motion to disregard portions of the brief that refer to the transcript and instructed the parties as follows:

"The record was filed in this case on March 3, 1994. [Tallmadge] did not submit the transcript until after that date and, therefore, the transcript has not properly been made a part of the record on appeal. This court will consider a motion to supplement the record with the later filed transcript. If the record is not supplemented, those portions of appellant's brief referencing the transcript will be disregarded by this court in deciding this case." See May 10, 1994 Journal Entry.

Tallmadge did not move to supplement the record with the transcript of proceedings and, therefore, we must disregard those portions of the brief referring to the transcript that was never made part of the record on appeal. Tallmadge's main arguments in support of its assignment of error are that the police officer had reasonable suspicion to stop Gang because (1) he thought she had violated Tallmadge City Ordinance 333.04(a) and (2) Gang's behavior led him to believe she was lost or needed medical assistance. Without the transcript, however, Tallmadge cannot demonstrate the merit of these arguments. For that reason, we are compelled to find that the trial court did not err in granting Gang's motion to suppress.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and DICKINSON, J., concur.

---

1. Additionally, we note that the transcript of proceedings was not filed within forty days after the notice of appeal and no extension of time was requested. See App.R. 10(A).