OPINION
On March 31, 1997, defendant-appellant, Felix Jordan, pled guilty to one count of attempted assault on a police officer, a felony of the fifth degree, and one count of driving under the influence, a misdemeanor of the first degree. The court imposed a sentence of eleven months in prison as to Count one, the felony, and one year in Butler County Jail as to Count two, the misdemeanor. The sentences were ordered to run consecutively. Appellant appeals and asserts three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSES CONSECUTIVE SENTENCES ON A FELONY AND A MISDEMEANOR. [sic]
Appellant argues that the trial court is prohibited by R.C.2929.41(A) from ordering the misdemeanor sentence to run consecutively with the felony sentence. For the felony, appellant was sentenced pursuant to Am.Sub.S.B. No. 2 ("Senate Bill 2"). With narrow exceptions for theft offenses, Senate Bill 2 appears to apply only to felony, not misdemeanor sentencing.[1]
R.C. 2929.41, which controls multiple sentencing, was only slightly amended by Senate Bill 2 to include additional offenses that are exceptions to the statute. R.C. 2929.41(A) previously read:
 Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or of the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution.
R.C. 2929.41(A) as amended reads:
 Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of 2971.03 of the Revised Code,[2] a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or of the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution. (Additional language underlined.)
The trial court initially ordered that appellant's sentences were to be served concurrently, then changed its mind and said the sentences were to be consecutive. Appellant did not object to this sentence at the time it was imposed, although he did question the trial court about why the change was made. Defense counsel stated to the trial court, "you said the sentences would be concurrent." The trial court replied, "[w]ell, I've changed that * * * they're not concurrent now."
Because appellant failed to object to the sentencing error at trial, this assignment of error must be addressed using a plain error analysis. Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The purpose behind the plain error rule is to insure that a defendant has a fair trial even though he failed to object to error at trial. State v. Wolery (1976), 46 Ohio St.2d 316, 327.
In order to raise plain error, it must appear on the face of the record not only that the error was committed but that, except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice. State v. Williford (1990), 49 Ohio St.3d 247,253. An appellate court is to take notice of plain error only "under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, syllabus.
Prior to the enactment of Senate Bill 2, this court held "[w]here a defendant pleads guilty to separate felony and misdemeanor offenses, it is not within the trial court's discretion to impose consecutive sentences. Under the circumstances, it is mandatory that a sentence of imprisonment for a misdemeanor be served concurrently with a sentence of imprisonment for a felony." State v. Copeland, (1989), 60 Ohio App.3d 111, at syllabus.
In Copeland, as in the instant case, the prosecution argued that the trial court can specify, pursuant to R.C. 2929.41(B) (1),[3] that a sentence for a misdemeanor shall be served consecutively to a sentence for a felony. This court disagreed. "If such were true, there would be absolutely no reason for the `any case' language to be included in the statute. [R.C.2929.41(A)]" Id. at 60. This court concluded that the "legislature has seen fit to make it mandatory that a sentence of imprisonment for misdemeanor be served concurrently with a sentence of imprisonment for a felony. Accordingly the trial judge has no right to exercise the discretion mentioned in R.C. 2929.41(B)(1)." Id.
Appellee argues that the amendments made to R.C. 2929.41 by Senate Bill 2, R.C. 2929.14(E)(3) and (E)(4)(c), are controlling and that the trial court properly sentenced appellant under these amendments. We disagree.
R.C. 2929.14(E) provides in pertinent part:
 (3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Neither of the above statutes specifically address whether felony and misdemeanor convictions must be served consecutively or concurrently. Accordingly, this court finds that neither Senate Bill 2 nor the statutes cited by appellee change the holding of Copeland. Therefore, regardless of the addition of R.C. 2929.14(E)(3) and (E)(4)(c), the language of R.C.2929.41(a) still prevails and requires that "[i]n any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony." R.C.2929.41.
The sentencing discretion of a trial court in a criminal case is limited and circumscribed by parameters imposed by the legislature. State v. Bearsley (1984), 14 Ohio St.3d 74, 75. It was not within the trial court's discretion to sentence appellant consecutively on the felony and misdemeanor convictions. Moreover, this error in sentencing rises to the level of plain error; to not consider this error would result in a clear miscarriage of justice as appellant would be required to serve the sentences consecutively instead of concurrently as provided for by statute.
The first assignment of error is accordingly well-taken and the judgment of the trial court is modified to provide for concurrent service of such sentences.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY SENTENCING HIM TO ELEVEN MONTHS ON THE FIFTH DEGREE FELONY CHARGE.
Pursuant to R.C. 2929.14(A)(5) the minimum prison sentence for a fifth degree felony, in this case the attempted assault of a police officer, is six months and the maximum is twelve months.[4] It is mandated by R.C. 2929.14(B) that the "court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others."
R.C. 2929.14(B) does not apply if the offender has previously served a prison term. However, no evidence was presented at trial that appellant had previously been in prison. Also, the record does not contain any finding by the trial court that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crimes by the offender or others. See State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106, unreported. It was therefore error to sentence appellant to eleven (11) months in prison. Appellant's second assignment of error is well-taken and the matter is remanded for resentencing.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT SENTENCED HIM TO ONE YEAR ON THE DRIVING UNDER THE INFLUENCE CHARGE.
Appellant pled guilty to driving under the influence, a misdemeanor of the first degree, and was sentenced to twelve months.[5] The sentence imposed by the trial court must be reviewed using an abuse of discretion standard. Absent a clear showing of an abuse of discretion, an appellate court should not interfere with a trial court's sentencing decisions. Miamisburg v. Smith (1982), 5 Ohio App.3d 109, syllabus. An abuse of discretion connotes more than an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
The court's sentence was within the statutory limits. Prior to imposing sentence, the trial court considered the risk that the offender would commit another offense, the need for protecting the public from risk, the history and character of the offender, and the offender's need for correctional or rehabilitative treatment as required by R.C. 2929.22.[6]
On the record as presented, we find that the court did not abuse its discretion by imposing a one year sentence of imprisonment for the misdemeanor offense. The third assignment of error is overruled.
Judgment affirmed in part, modified in part, and reversed and remanded in part.
YOUNG, P.J., and KOEHLER, J., concur.
[1] The Legislative Service Commission Bill Analysis states that "[t]he bill would establish a new framework for the sentencing of felony offenders in Ohio * * * [t]he bill would not change the provisions for sentencing of misdemeanor offenders except to abolish the authorization for sending persons convicted of multiple misdemeanors to a state correctional institution * * *." Legislative Service Commission Bill Analysis on Sub.S.B. 2, as reported by H. Judiciary Criminal Justice.
[2] R.C. 2929.14(E) provides for consecutive service of multiple felony sentences if the court finds that consecutive service is necessary to protect the public from future crime or punish the offender. The appellant in the instant case was convicted of a felony and a misdemeanor, not multiple felonies, therefore this section is not applicable. R.C. 2971.03 provides for the sentencing of a sexually violent offender with predator specifications and is not applicable to the case at bar.
[3] Previously R.C. 2929.41(B)(1) read in part: "A sentence for imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases: (1) When the trial court specifies that it is to be served consecutively."
R.C. 2929.41(B) now reads: "A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of 2907.322, 2921.34 or 2923.131.
[4] R.C. 2929.14 was revised pursuant to Senate Bill 2.
[5] As discussed, Senate Bill 2 does not apply to misdemeanor sentencing.
[6] Appellant had two previous offenses for driving under the influence within the past six years, a criminal record and the need for treatment for alcoholism, all of which were considered by the trial court prior to imposing sentence.