OPINION
Defendant-appellant, Gary Stacy, appeals his sentences imposed in the Warren County Court of Common Pleas on three felony charges. The trial court ordered that these sentences be served consecutively to sentences (on one felony DUI and one misdemeanor drug charge) previously imposed by the Butler County Court of Common Pleas. We affirm.
On June 9, 1998, appellant was sentenced in the Butler County Court of Common Pleas to twelve months in the Butler County Jail on a charge of driving under the influence of alcohol — fourth offense, a violation of R.C. 4511.19(A), a felony of the fourth degree. Appellant was also sentenced to one hundred eighty days in jail on a charge of attempted possession of cocaine, a misdemeanor of the first degree, to be served consecutively to the DUI charge. The propriety of these sentences are not the subject of this appeal.
On May 4, 1998, appellant was indicted by the Warren County Grand Jury on four charges: three felonies (two of which carried gun specifications) and one misdemeanor. Appellant's charges were as follows:
 Count 1, possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree, with firearm specification;
 Count 2, possession of marijuana in violation of R.C. 2925.11(A), a felony of the fourth degree, with firearm specification;
 Count 3, having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the fifth degree;
 Count 4, possessing drug abuse instruments in violation of R.C. 2925.12(A), a misdemeanor of the first degree.
On July 8, 1998, appellant pled guilty to all charges. Appellant's change of plea form provided that the maximum prison term for the possession of cocaine charge was twelve months, the maximum term for the possession of marijuana charge was eighteen months, the maximum term for the having weapons under a disability charge was twelve months, and the maximum term on the gun specifications was twelve months.
Appellant was sentenced on July 8, 1998. The trial court's "felony agreed entry" provides:
 After prior review of the defendant's prior record and surrounding circumstances, the defendant (through counsel) and the State jointly recommended, pursuant to 2953.08(D) ORC, that the defendant receive the sentence imposed by the Court as described below.
 It is hereby ordered that Defendant serve a term of one (1) year on each felony counts [sic] of the indictment to all run concurrent; six (6) months in the Warren County Jail on the misdemeanor; one (1) year on each gun specification[1]
to be served prior to and consecutive to the sentence of one year on the charges; sentence shall run consecutive to the sentence defendant is currently serving in Butler County, Ohio[.]
The trial court ordered that the two-year term of imprisonment be served consecutive to the sentence appellant was currently serving in Butler County. Appellant did not object to his sentence.
Appellant has raised a single assignment of error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO SERVE PRISON TIME CONSECUTIVELY TO TIME FOR WHICH APPELLANT WAS CURRENTLY SENTENCED AND SERVING IN A LOCAL COUNTY JAIL.
In order to decide the issue appellant has raised, we must determine whether appellant's negotiated sentence may be appealed. Appellant and the prosecutor jointly recommended his sentence to the trial court. Appellate review of a negotiated felony sentence is governed by R.C. 2953.08(D), enacted as part of Senate Bill 2, which provides in part:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
The trial court explicitly found in its "felony agreed entry" that it was imposing a sentence recommended jointly by appellant and the prosecutor. Moreover, that sentencing entry specifically referred to R.C. 2953.08(D). An appellate court may not review such a jointly recommended felony sentence unless it finds that the sentence is not authorized by law.
The Third District Court of Appeals has noted that the legislature has not specifically defined what constitutes a sentence "authorized by law" for purposes of this prohibition of appellate review. State v. Bristow (Jan. 29, 1999) Crawford App. No. 3-98-21, unreported. In Bristow, the appellant and the state had negotiated a sentence to resolve a prosecution for fourteen counts of telephone harassment, a probation violation charge, and certain civil lawsuits. Bristow agreed to serve consecutive terms of imprisonment of one year each on nine counts and eleven months on another. Four counts were to served concurrently. Although Bristow alleged on appeal that his sentence violated double jeopardy provisions, the court refused to consider this issue, holding that "a jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense."Id. (Citation omitted.) See, also, State v. Street (Sept. 30, 1998), Hancock App. No. 5-98-09, unreported (consecutive sentences aggregating twenty-five years for first offender not appealable where agreed to in negotiated sentence); State v. Powell (Jan. 22, 1999), Greene App. No. 98 CA 33, unreported (appellant cannot appeal sentence within statutory parameters which had been contemplated by parties' plea agreement).
Appellant's sentences clearly did not exceed the maximum term prescribed by statute for his felony offenses. As noted in his plea form, the maximum term on the possession of cocaine charge, a fifth degree felony, was twelve months; the maximum term on the possession of marijuana charge, a fourth degree felony, was eighteen months; and the maximum term on the having weapons under a disability charge, a fifth degree felony, was twelve months. The gun specifications carried a mandatory twelve months additional consecutive imprisonment. See R.C. 2929.14(D)(1)(a)(i).
Appellant argues that the trial court's sentence was not authorized by law because it conflicts with Ohio's statutory provision on multiple sentences. R.C. 2929.41 concerning multiple sentences now provides in pertinent part:
 (A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.
 (B)(1) A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served con secutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.
The provisions of a prior version of R.C. 2929.41 pertinent to a sentence for a misdemeanor imposed consecutively to one for a felony had been the subject of some conflict in the courts. InState v. O'Dell (Apr. 13, 1987), Butler App. No. CA86-10-142, unreported, this court held that:
 [B]ecause of the General Assembly's use of the words "shall" and "in any case" in the second sentence of R.C. 2929.41(A), we find the first sentence of R.C. 2929.41(A) which provides for exceptions to the general rule of concurrency of sentences, does not apply in misdemeanor cases. Accordingly, we conclude that * * * a trial court has no discretion, by virtue of R.C. 2929.41(A), to impose a misdemeanor imprisonment sentence consecutively to that of [an] already existent felony sentence. (Emphasis added.)
Similarly, in State v. Copeland (1989), 60 Ohio App.3d 111, we held that the legislature had mandated that a sentence of imprisonment for a misdemeanor be served concurrently with a sentence of imprisonment for a felony. We noted that although such an interpretation "effectively eliminates any penalty for amisdemeanor if committed with a felony, [such] concern should be addressed to the legislature, and not to the courts." (Emphasis added.) Id. at 112.
The Ohio Supreme Court resolved the conflict on this issue inState v. Butts (1991), 58 Ohio St.3d 250. The court emphasized the same statutory language as this court had in O'Dell andCopeland, i.e., "shall" and "in any case," and stated,
 While we sympathize with the chagrin of a trial judge confronted with a repeat offender, we hold that R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence. (Emphasis added.)
Id. at 251.
Although R.C. 2929.41 was amended by Senate Bill 2, the issues involved in misdemeanor sentencing were apparently not affected by the changes. In State v. Jordan (Oct. 6, 1997), Butler App. No. CA97-04-084, unreported, we noted that in general Senate Bill 2 appears to apply only to felony, not misdemeanor sentencing. We noted that although Senate Bill 2 had amended some parts of R.C. 2929.41, the rule announced in Copeland still applied to a misdemeanor sentence. In Jordan, as in Copeland, the misdemeanor and felony sentencing occurred at the same proceeding. In Butts, the sentence at issue was for a misdemeanor to be served consecutively with a reimposed felony sentence for parole violation based upon the misdemeanor conviction.
Although the law is thus relatively clear as applicable to review of misdemeanor sentences, our research has revealed no case where, as here, a felony sentence was challenged because it had been ordered to be served consecutively to a previously imposed misdemeanor conviction. The cases interpreting R.C. 2929.41 have all addressed misdemeanor sentences imposed consecutively to pre-existing felony sentences or misdemeanor sentences imposed consecutively to felony sentences imposed during the same proceeding.
Appellant has been sentenced for felonies. We are not reviewing a misdemeanor sentence. The sentences were within the statutory range and were thus "authorized by law." Consecutive sentencing is also authorized by law. See R.C. 2929.14(E)(3). Appellant's negotiated felony sentence is not subject to appellate review. State v. Bristow, Crawford App. No. 3-98-21, unreported.
R.C. 2953.08(D) has been strictly interpreted. Exemplifying this strict construction, the Tenth Appellate District has held that where a sentence is imposed pursuant to a joint recommendation, it is not reviewable even where the sentences are imposed for convictions on allied offenses. State v. Coats (Mar. 30, 1999), Franklin App. No. 98AP-927, unreported. R.C. 2941.25
provides that where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment may contain counts for all such offenses, but the defendant may be convicted of only one. In Coats, the court held that despite this statutory language following a negotiated plea, a defendant could be sentenced on both theft and receiving stolen property charges involving the same check. The court found that a conviction and sentence for receiving stolen property would normally merge into one for theft of the same property. However, because the defendant had entered into a "legal fiction" to his benefit, his negotiated plea and sentence agreement was enforced. Id. at 6.
Acknowledging that there was "semantic tension" in trying to reconcile the application of the allied offenses statute and the R.C. 2953.08(D) bar to challenges to negotiated sentences, the court nevertheless held that "practicality and reason dictate[d] enforcement of a valid plea agreement." Id. See, also, State v.Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported (agreement that is knowingly and voluntarily entered into is sufficient to withstand any later attack even when the attack involves a plea to allied offenses). Similar reasoning applies to appellant's negotiated sentence. Although there is some tension between the language of R.C. 2929.41(A) on multiple sentences and the prohibition of challenges to negotiated sentences, appellant effectively waived his right to appeal.
Additionally, appellant never raised this issue with the trial court. Appellant's failure to raise this issue also constitutes a waiver, unless plain error is involved. Plain error analysis applies to sentencing issues. In State v. D'Ambrosio
(1995), 73 Ohio St.3d 141, for instance, the Ohio Supreme Court held that a sentencing modification did not constitute plain error. Two important propositions relative to plain error analysis were cited in D'Ambrosio. First, "notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." Id. at 144, citing State v. Long (1978), 53 Ohio St.2d 91. Second, "plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." Id., citing State v. Moreland (1990),50 Ohio St.3d 58, 62.
Both of these propositions support our decision. Appellant's negotiated sentence was for two years of imprisonment consecutive to the other court's one-year sentence for felony DUI and one hundred eighty day sentence for misdemeanor drug possession. This was not a manifest miscarriage of justice, nor can we determine that the outcome of the sentencing clearly would have been otherwise. Appellant pleaded guilty to three felonies — the cocaine charge was a fifth degree felony, the marijuana charge was a fourth degree felony, and the weapons under a disability charge was a fifth degree felony. For the fifth degree felonies, appellant could have received up to twelve months; for the fourth degree felony he could have been sentenced to up to eighteen months. Appellant clearly had a prior criminal record.[2] He could have been sentenced to consecutive terms on the felonies pursuant to R.C. 2929.14(E)(4)(c) for a total possible incarceration of three and one half years. Under these circumstances, his sentence is not plain error. There fore, appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The trial court later added a nunc pro tunc entry clarifying that the gun specifications merged as required by R.C. 2929.14(D)(1)(a)(i) where the felonies are committed as part of the same act or transaction.
[2] Appellant's indictment for possession of drug abuse instruments provides that he has a prior drug abuse conviction. His indictment for having weapons under a disability evidences a prior felony charge.