OPINION
Defendant-appellant, Edward Dalton, appeals his conviction in the Belmont County Court of Common Pleas on one count of theft and one count of assault.
According to the testimony adduced at trial, Officers John McFarland and Barry Carpenter of the Martin's Ferry Police Department were on routine patrol during the evening of April 13, 1997, when they noticed appellant walking south-bound along Zane Highway. As the officers passed by, appellant pulled the bill of his cap down over his face in an apparent attempt to avoid identification. The officers turned their vehicle around to travel in a north-bound direction, and appellant began running across the street in a northwesterly direction.
With the officers in pursuit, appellant ran between a pharmacy and some nearby residences. Officer McFarland got out of the vehicle and pursued appellant on foot, while Officer Carpenter continued to pursue appellant from the vehicle. As McFarland reached the front of the pharmacy, he discovered appellant's hat and a packet of crackers laying on the ground.
McFarland chased appellant into a residential yard where he discovered appellant crouched down beneath a tree. Appellant was instructed to lay down and show his hands. Appellant did not comply with this order, but instead stood up and threw a wine bottle at McFarland's head, narrowly missing the officer. McFarland lunged to avoid the bottle, and appellant resumed running. As appellant ran past McFarland, the officer was able to visually identify him.
During the continuing pursuit, appellant lost one of his tennis shoes. Although the officers continued to search the area, appellant eventually absconded. The officers collected the lost tennis shoe, the crackers, the hat and the broken bottle of wine, and also retrieved an unopened bottle of wine from the area beneath the tree where appellant had been hiding, and a jacket appellant had been wearing during the pursuit. Notably, the jacket had long slits in the inside lining.
After gathering the aforementioned items, the officers drove to the Convenient Food Mart located on Zane Highway, and spoke with employee Cliff Hartley. Hartley told the officers that the wine bottles and the crackers were of a type he stocked and that he recognized the price stickers. Hartley and the two officers then watched the videotape of the in-store surveillance camera which showed appellant in the store holding two bottles of wine. Hartley told the officers that he had not sold the wine in question as state law prohibited such a sale on Sunday.
Upon leaving the store, the officers were advised over the radio of an anonymous call. The caller stated that appellant was living at 813 Hickory Street in Martin's Ferry, the residence of one Rhonda Hendershot. McFarland and Carpenter proceeded to the address and were joined by officers from the Bridgeport Police Department. McFarland began knocking at the front door while other officers went around to the rear of the residence. After three to four minutes, Hendershot went to the back door and told Carpenter that appellant was in the basement. Carpenter and McFarland located appellant in the basement where he was arrested. A shoe matching the one lost during the chase was retrieved at the residence.
On May 7, 1997, appellant was indicted for assault on a peace officer, in violation of R.C. 2903.13 (A). Appellant filed a Motion to Suppress and/or Dismiss on June 17, 1997 claiming that the officers in question had no basis to conduct an investigative stop of appellant, and that appellant's warrantless arrest at the home of Hendershot was invalid. Appellant's motion was overruled on June 23, 1997.
On July 3, 1997, appellant was indicted for robbery, in violation of R.C. 2911.02(A)(2). Plaintiff-appellee, State of Ohio, then filed a motion to consolidate the robbery and assault charges. The trial court issued a journal entry on July 31, 1997 indicating that the motion to consolidate was granted without objection from appellant or appellant's counsel. On September 5, 1997, appellant filed a Motion to Dismiss and/or Suppress for the charge of robbery, arguing that the charge had been filed in order to punish appellant for asserting his constitutional in the assault charge. This motion was overruled by the trial court on September 16, 1997. Appellant then filed a motion for election pursuant to Crim.R. 14, arguing that the two indictments were for the same conduct and requesting that the trial court order appellee to elect which one would be taken to trial. The trial court took this motion under advisement.
A jury trial commenced on September 25, 1997. At the beginning of the proceedings, the trial court heard arguments on appellant's outstanding motion to elect and overruled said motion. At the conclusion of the trial on September 26, 1997, the jury found appellant guilty on the charge of assault on a peace officer, not guilty on the charge of robbery, and guilty on the lesser included offense of theft, a violation of R.C. 2913.02. For the theft conviction, a misdemeanor, appellant was sentenced to six months in the Belmont County Jail. For the assault conviction, a fourth degree felony, appellant received a sentence of eighteen months at the Correctional Center in Orient, Ohio. The trial court ordered the sentences be served consecutively, and that appellant be conveyed to the Orient facility upon completion of his six months in the Belmont County Jail.
On October 6, 1997, appellant filed a notice of appeal with this court. Appellant filed his brief in the matter on October 23, 1997. On October 30, 1998, appellant filed a writ of habeas corpus, alleging that the trial court had erred in sentencing him to consecutive sentences for a felony and a misdemeanor arising from the same course of conduct. In an opinion and journal entry dated February 9, 1999, this court held that although the trial court appeared to have erred in sentencing appellant in such a manner, such error could be taken up on direct appeal. Accordingly, appellant's petition for writ of habeas corpus was denied. See Dalton v. Haskins (Feb. 9, 1999), Noble App. No. 258, unreported.
On November 17, 1998, while this appeal was pending, appellant filed a Motion to Amend with the trial court, arguing that the trial court had erred in failing to follow the mandate of R.C. 2929.41 as it relates to multiple sentences. Said motion was overruled by the trial court on December 22, 1998. On January 19, 1999, appellant filed a Motion to Correct Erroneous Sentence, raising the same argument as in the prior Motion to Amend.
While the motion was pending, this court, having noted that appellant had not assigned as error the trial court's consecutive sentencing order, sua sponte raised the issue. By journal entry dated February 8, 1999, appellee was granted ten days to respond to the issue, which appellee subsequently failed to do. On February 24, 1999, the trial court issued a journal entry stating that"[d]efendant's motion for Consolidation of Jail Credit is hereby held for decision pending Court of Appeals ruling on this matter." Because the record contains no motion to consolidate jail time, we presume said entry is in reference to appellant's outstanding motion to correct his erroneous sentence.
In his brief, appellant brings three assignments of error, the first of which states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT FOR FAILING TO DISMISS THE INDICTMENT OR SUPPRESS THE EVIDENCE [.]"
Appellant argues that the officers in question had no reasonable basis to believe appellant was engaged in criminal activity, and that therefore the trial court should have dismissed the indictment or suppressed the evidence dropped or thrown by appellant during the pursuit. In support of this contention, appellant notes that at the preliminary hearing, Officer McFarland testified that on the night in question there were no reports of criminal activity and no crimes were committed in the area.
However, we note that appellant has failed to include a transcript of the suppression hearing as part of the record on appeal. Where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. While appellant claims the trial court erred in failing to grant his suppression motion, without a transcript of the suppression hearing, appellant cannot demonstrate the merit of this argument. See Tallmadge v. Gang (1994), 97 Ohio App.3d 56, 58. Although the record does contain the transcript of proceedings for the trial itself, the trial testimony affords this court no basis upon which to determine the propriety of the trial court's ruling on the motion to suppress. Appellant's first assignment of error is therefore without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY CONSOLIDATING TWO INDICTMENTS [.]"
Appellant argues that the trial court erred in granting appellee's motion to consolidate the two indictments for trial. Specifically, appellant argues that assault on a peace officer and robbery both contain a common element, namely, intent to inflict physical harm, and that therefore, appellant was forced to stand trial on two separate charges stemming from the same conduct. In support of his position, appellant cites to R.C.2941.32 which provides:
 "Proceedings when two indictments pending. If two or more indictments or informations are pending against the same defendant for the same criminal act, the prosecuting attorney must elect upon which he will proceed, and upon trial being had upon one of them, the remaining indictments or information shall be quashed."
In response, appellee argues that appellant was tried for two offenses stemming from the same incident rather than from the same conduct. Appellee cites Crim.R. 13 for the proposition that two or more indictments may be combined if the offenses could have been joined in a single indictment. In addition, appellee notes that appellant was convicted on the offenses of assault and theft, which offenses do not contain any common elements.
Crim.R. 13 provides in pertinent part as follows:
 "The court may order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment."
Whether or not multiple offenses can be joined in a single indictment is the subject of Crim.R. 8 (A), which provides:
 "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
Joinder of offenses is to be liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses.State v. Schaim (1992), 65 Ohio St.3d 51, 58. Both of the indicted offenses pertain to the same act or transaction, namely, appellant's robbery of the convenience store. Therefore the trial court did not err in granting appellee's motion to consolidate the two indictments for trial. This is especially so where appellant failed to make any objection to the granting of said motion.
Once two or more offenses have been joined, a defendant may move to sever pursuant to Crim.R. 14, which provides in part:
 "If it appears that a defendant or the state is prejudiced by a joinder of offenses * * * in an indictment * * * or by such joinder for trial together of indictments * * * the court shall order an election or separate trial of counts * * * or provide such other relief as justice requires."
To prevail on a claim that the trial court erroneously denied a motion for severance, a defendant has the burden of affirmatively demonstrating (1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial. Schaim, supra, at 59. In determining whether a defendant has been prejudiced, the court must look to see whether the evidence of the other offenses would be admissible even if the counts were severed. Id. If the evidence of other crimes would be admissible at separate trials, any prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials. Id.
Appellant's Motion for Election states in its entirety:
 "Comes now Edward Dalton, defendant in the foregoing action, having two indictments for the same conduct pending against defendant, who moves the Court to order the prosecuting attorney to elect upon which indictment he will proceed to trial."
Said motion was filed with the court on the day of trial, September 25, 1997. At the commencement of the trial proceedings, counsel for appellant argued the motion. However, counsel failed to indicate how appellant would be prejudiced by joinder of the offenses. If anything, counsel for appellant appeared to argue that the two offenses were allied offenses of similar import, in that both required proof that appellant inflicted or attempted to inflict harm on Officer McFarland.
Appellant has failed to demonstrate how he was prejudiced by the trial court's denial of his motion to sever. Appellant does not point to, nor can we independently perceive of, any evidence that would have been inadmissible at one trial had there been two separate trials. At the time of the motion to sever, appellant failed to provide the trial court with any information from which it could weigh the considerations in favor of joinder against appellant's right to a fair trial. Accordingly, we fail to see how the trial court abused its discretion in denying appellant's motion to sever. Appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN THE INSTRUCTIONS TO THE JURY[.]"
Appellant claims that in instructing the jury on robbery, the trial court quoted the former version of R.C. 2911.02 instead of the version in effect at the time. The current version of the robbery statute states in pertinent part:
 "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
" * * *
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
The former version of the statute that appellant claims the trial court instructed the jury on states:
 "No person, in attempting or committing a theft offense, as defined in section 2913.01
of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."
Appellant claims he was prejudiced in that the trial court confused the jury by instructing them on force rather than on attempt to inflict physical harm.
Appellee responds by noting that appellant failed to object to any of the instructions when given an opportunity to. Because no objection was made, appellee claims that appellant may not assert as error any of the instructions given. In addition, appellee argues that any claimed error in the robbery charge is moot as appellee was convicted on the lesser charge of theft, rather than robbery.
Crim.R. 30 provides in part as follows:
 "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
At the close of appellant's case, the following colloquy occurred between the trial court and counsel for both parties:
 "THE COURT: Mr. Jefferis and Mr. Flanagan, I had provided proposed instructions regarding this matter. Did either of you have any questions regarding the proposed instructions that I've provided to you?
 "MR. FLANAGAN: No questions from the State; also no objections.
"THE COURT: Mr. Jefferis.
"MR. JEFFERIS: No, Your Honor." (Tr. 236)
Counsel for appellant was given an opportunity to object to the proposed jury instructions but made no objection. Pursuant to Crim.R. 30, appellant may not assign as error the giving or failure to give any particular instruction unless the instruction amounted to plain error. See State v. Montes (1993), 92 Ohio App.3d 539,551-52. An erroneous jury instruction does not amount to plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Montes, supra, at 552. Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91,97. In addition, a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. State v. Price (1979), 60 Ohio St.2d 136, 141
(citing Cupp v. Naughten [1973], 44 U.S. 141.
Having reviewed the jury instructions in their entirety we fail to see how appellant was prejudiced by such an instruction. Any confusion on the part of the jury as to whether appellant used or threatened to use force as opposed to whether he inflicted or attempted to inflict harm was evidently resolved in appellant's favor when he was found not guilty on the charge. In the absence of prejudice we decline to find plain error.
Appellant's third assignment of error is without merit.
We turn now to the issue raised sua sponte by this court relating to appellant's sentencing. As already noted, appellee has failed to respond to this issue. R.C. 2929.41 (A) recites in pertinent part:
 "Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution." (Emphasis added.)
As a basis for ordering that appellant's sentences be served consecutively the trial court relied on one of the listed exceptions to R.C. 2929.41 (A), that of R.C. 2929.14 (E). Indeed, the trial court made findings pursuant to R.C. 2929.14 (E)(3) that would support consecutive sentencing. However, we agree with the court in State v. Jordan (Oct. 6, 1997), Butler App. No. CA97-04-084, unreported, wherein the court of appeals stated:
 "[R]egardless of the addition of R.C. 2929.14 (E) (3) * * * the language of 2929.41 (A) still prevails and requires that" in any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony."'
The subject of whether felony and misdemeanor convictions must be served consecutively is specifically treated in R.C. 2929.41, and clearly demonstrates that" the legislature has seen fit to make it mandatory that a sentence of imprisonment for misdemeanor be served concurrently with a sentence of imprisonment for felony." See State v. Copeland (1989), 60 Ohio App.3d 111, 112. To allow R.C. 2929.14, a more general felony sentencing statute, to bypass the more specific language found in R.C. 2929.41 (A) would be to totally eviscerate the meaning of" in any case" found in the latter. Therefore, we hold that the trial court erred in sentencing appellant to consecutive sentences for his misdemeanor and felony convictions.
Accordingly, the sentence imposed by the trial court is hereby modified so as to reflect that the six month sentence for the misdemeanor conviction is to be served concurrently with the felony sentence. In all other respects, the decision of the trial court is hereby affirmed.
Vukovich, J., and Waite, J., concurs.