OPINION
Defendant-appellant Geoffrey Oglesby appeals from the September 26, 2001, Journal Entry of the Morrow County Court finding defendant-appellant guilty of speeding in violation of R.C. 4511.21(D)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 1, 2001, appellant was cited for driving 80 MPH in a 65 MPH zone in violation of R.C. 4511.21(D)(2). Trooper Flanagan, on the citation issued to appellant, indicated that it was appellant's "6th offense in 12 months."
Thereafter, a jury trial was held on September 26, 2001. On the same date, the jury returned with a verdict finding appellant guilty of "operating a motor vehicle at a speed in excess of 65 MPH on a freeway where within one year of the offense, the defendant previously was convicted of or pleaded guilty to two or more violations involving the operation of a motor vehicle." As memorialized in a Journal Entry filed on September 26, 2001, the trial court sentenced appellant to 60 days in jail and ordered him to pay a fine in the amount of $500.00 plus costs. The trial court further suspended 50 days of appellant's jail sentence and $250.00 of the fine upon specified conditions of probation. As part of his probation, appellant was ordered to perform 10 days of community service.
It is from the trial court's September 26, 2001, Journal Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 I THE TRIAL COURT DID NOT HAVE JURISDICTION ON A CITATION WHEREIN THE TICKET INDICATES "6TH OFFENSE WITHIN IN (SIC) 12 MONTHS" AND DOES NOT INDICATE THAT IT IS VIOLATION OF 4511.99(D)(1)(c) AND THAT IT IS A THIRD DEGREE MISDEMEANOR.
 II THE TRIAL COURT ERRED BY ALLOWING "BMV" RECORDS IN TO PROVE PRIOR CONVICTION AND THE EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND INSUFFICIENT TO CONVICT.
 I
Appellant, in his first assignment of error, argues that the trial court lacked jurisdiction over this matter since the citation issued to appellant does not indicate that, pursuant to R.C. 4511.99(D)(1)(c)[1], appellant's speeding violation was a misdemeanor of the third degree. In essence, appellant contends that the citation issued to him did not sufficiently notify him that he was being charged with a third degree misdemeanor.
Pursuant to Traf. R. 3(A), a citation in the form of an Ohio Uniform Traffic Ticket constitutes the complaint and summons in traffic cases. R.C. 2945.75 provides, in pertinent part, as follows:
 (A) When the presence of one or more additional elements makes an offense one of more serious degree:
 (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
A complaint (traffic ticket) prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. City of Barberton v. O'Connor
(1985), 17 Ohio St.3d 218, 221.[2] The Cuyahoga County Court of Appeals has held that a Uniform Traffic Ticket "will satisfy legal requirements if it apprises the defendant of the nature of the charge together with a citation of the statute or ordinance involved." Cleveland v. Austin (1978),55 Ohio App.2d 215, 220.
Although the citation issued to appellant in the case sub judice does not state the degree of the offense appellant was alleged to have committed (namely, a third degree misdemeanor), we find that the citation does "set forth the necessary allegation of additional elements" to support a third degree misdemeanor charge. See State v. Zimmerman (Jan. 21, 1992), Stark App. No. CA-8609, unreported. In Zimmerman, the appellant, who was found guilty of speeding in violation of R.C. 4511.21(D), argued that the traffic citation issued to him failed to comply with R.C. 2945.75(A)(1). However, this Court rejected such argument, holding as follows:
 Although the charging instrument in this case failed to state the degree of the offense appellant was alleged to have committed, the instrument does set forth the necessary allegation of additional elements to support a third degree misdemeanor charge. The traffic ticket contained the following allegation:
5th speed 2nd .21D in 12 mos.
 Accordingly, we find the charging instrument did comply with R.C. 2945.75(A)(1), and we overrule this portion of appellant's first assignment of error.
Likewise, we find that the traffic citation issued to appellant in this matter sufficiently apprised him of the nature of the charge against him. In the case sub judice, the citation issued to appellant contained both a reference to R.C. 4511.21(D)(2) and two notations indicating that it was appellant's "6th offense in 12 months." Both notations on the traffic citation were highlighted in yellow marker.
Moreover, that appellant was aware that he was charged with a third degree misdemeanor rather than a minor misdemeanor is demonstrated by the fact that appellant requested a jury trial in this matter. Pursuant to R.C. 2945.17, a defendant is not entitled to a jury trial for a minor misdemeanor. Thus, by filing a written request for a jury demand, appellant demonstrated that he knew that he was charged with more than a minor misdemeanor.
Based on the foregoing, we find that the traffic citation issued to appellant sufficiently notified him of the nature of charges against him.
Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in his second assignment of error, argues that the trial court erred by allowing BMV records into evidence to prove that appellant had prior speeding convictions. In addition, appellant asserts that his conviction for speeding in violation of R.C. 4511.21(D)(2), a third degree misdemeanor, is against both the manifest weight and the sufficiency of the evidence since the BMV records were improperly admitted to show prior speeding convictions.
Appellant, however, has failed to furnish us with a copy of the transcript of the jury trial. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court must presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.[3] Without a transcript of the jury trial, this Court cannot determine whether, in fact, the BMV records were admitted into evidence and, if so, whether or not appellant objected to admission of the same. We must, therefore, presume the validity of the trial court's proceedings below and affirm. See Knapp, supra.
Appellant's second assignment of error is, therefore, overruled.
Accordingly, the judgment of the Morrow County Court is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morrow County Court is affirmed. Costs to appellant.
[1] R.C. 4511.99 states, in relevant part, as follows: (D)(1) Whoever violates any provision of sections 4511.01 to 4511.76 or section 4511.84
of the Revised Code, for which no penalty otherwise is provided in this section is guilty of one of the following:
 (c) If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to two or more violations of any provision described in division (D)(1)(b) of this section or any municipal ordinance that is substantially similar to any of those provisions, a misdemeanor of the third degree.
[2] In O'Connor, the defendant, who was convicted of DWI, appealed. As part of his appeal, the appellant argued that the ticket issued to him did not properly charge him with an offense. However, the Ohio Supreme Court held that the ticket did properly charge the defendant with an offense since it described the nature of the offense as "DWI" and made reference to the ordinance that gave rise to the offense. The traffic ticket, however, did not indicate the substance that caused the defendant to be intoxicated.
[3] We note that, after appellee, in its brief, called attention to the fact that appellant never filed a transcript, appellant filed a transcript of the jury trial on April 22, 2002 — three days before the scheduled oral argument. However, since the transcript was filed without a motion to supplement and, therefore, is not a part of the record on appeal, we shall not consider the transcript of the proceedings during the merit review of this matter. See Armco, Inc. v. UnitedSteelworkers of America, AFL-CIO-CLC, (June 21, 2001), Richland App. No. 00-CA-95, unreported. See also City of Tallmadge v. Gang (1994),97 Ohio App.3d 56.