DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, pro se, Darilyn Holt, appeals from a judgment entered against her by the Toledo Municipal Court in this eviction action. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 6, 2006, appellee, George Gunderman, filed a complaint in forcible entry and detainer against Holt. According to the complaint, Holt was in default *Page 2 
of a residential lease agreement with Gunderman owing to Holt's failure to pay rent. On or about July 13, 2006, Gunderman served a written notice on Holt to vacate the rental unit before July 20, 2006. Despite Gunderman's notice, Holt continued to occupy the rental unit.
 {¶ 3} A hearing on the matter took place before a magistrate on October 30, 2006. In the decision and findings, the magistrate found that Holt was in default of an oral lease since December 2005, and that the notice to vacate had been lawfully served. The magistrate entered judgment in favor of Gunderman for possession of the premises, and further provided that the writ was to issue at Gunderman's request. In a judgment entry file-stamped on November 2, 2006, the judge of the Toledo Municipal Court adopted the magistrate's decision. On November 17, 2006, the trial court denied Holt's motion objecting to the magistrate's decision.
 {¶ 4} Holt timely appealed the trial court's decision, raising the following assignments of error:
 {¶ 5} I. "FAILURE OF THE COURT TO DISMISS #CVG-06-20880 ON MULTIPLE PROCEDURAL ERRORS (REFERS TO EXEMPLIFIED TRANSCRIPT, CERTIFIED JOURNAL REPORT #CCR9991, PG. 1, ITEM DATED 11/02/2006, 3RD LINE UP FROM THE BOTTOM OF THE PAGE, `MAGISTRATE FINDS DEFT ORAL MOTION TO DISMISS DENIED.'"
 {¶ 6} II. "FAILURE OF THE COURT TO GRANT CONTINUANCE TO DEFENDANT TO PREPARE, FILE AND SERVE A VIABLE ANSWER AND *Page 3 
COUNTERCLAIM (ALTHOUGH THIS ORAL MOTION WAS MADE AND SHOULD BE PART OF THE RECORD, IT DOES NOT APPEAR AS PART OF THE EXEMPLIFIED TRANSCRIPT CITED ABOVE)."
 {¶ 7} III. "FAILURE OF THE COURT TO SUSTAIN DEFENDANT'S WRITTEN OBJECTION TO THE MAGISTRATE'S DECISION. (REFERS TO EXEMPLIFIED TRANSCRIPT, CERTIFIED JOURNAL REPORT CITED ABOVE, PG. 3, ITEM DATED 11/17/2006."
 {¶ 8} IV. "FAILURE OF THE COURT TO STAY WRIT OF EVICTION WRONGLY GRANTED IN A RETALIATORY ACTION WITH PETITION TO PROCEED IN FORMA PAUPERIS HAVING BEEN GRANTED AND FILING OF THE APPEAL ACCEPTED (REFERS TO ABOVE CITED EXEMPLIFIED TRANSCRIPT, CERTIFIED JOURNAL REPORT CITED ABOVE, PG. 2, FINAL 3 ITEMS ON THE PAGE, DATED 11/08/2006 AND 11/09/2006.)
 {¶ 9} We note at the outset that Holt's brief and reply are supported almost entirely with allegations that are not found in the record and/or are wholly irrelevant to the question of whether Holt breached her rental agreement. Further, none of her arguments is accompanied by citations to any authority, statute, or part of the record on which she relies. Thus, we are forced to conclude that they do not comply with the requirements set forth at App.R. 16(A)(7). *Page 4 
 {¶ 10} We additionally note that Holt never did file a transcript of the proceedings in this case, either in the trial court or with this court.[1] As a result, we are compelled to presume the validity of those proceedings on appeal. See Hauke v. Harris, 5th Dist. No. 2005-CA-000003, 2005-Ohio-6498 (holding that failure to include transcript of eviction proceedings in appellate record warranted presumption of validity of proceedings).
 {¶ 11} For all of the foregoing reasons, appellant's first, second, third, and fourth assignments of error are found not well-taken, and the judgment of the Toledo Municipal Court is affirmed. Appellant Holt is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur.
[1] Although Holt attached a copy of the transcript of the eviction proceedings to her reply brief, such did not constitute a proper filing and, as a result, it cannot be considered by this court. See App.R. 10, 11; see, also, Tallmadge v. Gang (1994), 97 Ohio App.3d 56. *Page 1